UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EUGENE SCALIA, SECRETARY OF LABOR,
United States Department of Labor,

Plaintiff,

v.

LOS ANDES, LLC, d/b/a Los Andes Restaurant,
OMAR CURI, and CESIN CURI,

Defendants.

CIVIL ACTION: 1:20-cv-00073

## COMPLAINT

Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor (the "Secretary"), seeks to have Defendants properly compensate their employees because Defendants have failed to pay their employees any overtime premiums, instead paying them for hours worked over 40 in a workweek with unrecorded cash payments at straight time rates. The Acting Secretary brings this action to enjoin Defendants from violating the overtime and recordkeeping requirements of the of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, hereinafter called "the Act," and to recover wages that Defendants failed to pay employees as well as liquidated damages. *See* 29 U.S.C. §§ 207, 211, 215(a)(2), 215(a)(5), 216(c) and 217.

I.

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. § 1331.

1

II.

Defendant Los Andes, LLC d/b/a Los Andes Restaurant ("Los Andes"), is, and at all times hereinafter mentioned was, a corporation having an office and place of business at 903 Chalkstone Ave., Providence, Rhode Island within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that place of business, and elsewhere, in the operation of a full service restaurant.  Los Andes employs, and has employed, during the period set forth below, employees who work as cooks, food preparation workers, wait staff and bartenders.  Los Andes, at all times hereinafter mentioned, has set its employees' method of compensation and has established policies regarding employees' compensation, has set the specific levels of compensation for its employees, and has maintained records of employment. In addition, Los Andes has set its employees' terms and conditions of employment, including hours worked, has required employees to request permission to take time off, has supervised their work, and has hired and fired them.  Los Andes employs its employees for purposes of the Act.

III.

Defendant Omar Curi has a regular place of business and transacts substantial business on an ongoing basis in this judicial district, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, a member and a manager of Los Andes, and also was one of the owners of Los Andes.  He operated the business, oversaw the operation of the business with a particular focus on the front of the house portion of the restaurant, hired, fired, and supervised employees, and assigned employees their work.  Omar Curi, at all times hereinafter mentioned, has engaged in setting the particular hours of work and the rates and method of compensation of employees at Los Andes, and has determined the policies and practices

regarding pay for those employees. His actions concerning pay practices have affected the amounts of compensation received by employees at Los Andes. As such, he has actively managed, supervised, and directed the day-to-day business affairs and operations of Los Andes.

Omar Curi has acted at all times material herein directly and indirectly in the interest of Los Andes in relation to its employees, and therefore is and has been an employer of Los Andes' employees within the meaning of the Act, *see* 29 U.S.C. § 203(d).

IV.

Defendant Cesin Curi has a regular place of business and transacts substantial business on an ongoing basis in this judicial district, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, a manager of Los Andes and also was one of the owners of Los Andes. He operated the business, oversaw the operation of the business with a particular focus on the kitchen portion of the restaurant, hired, fired, and supervised employees, and assigned employees their work. Cesin Curi, at all times hereinafter mentioned, has engaged in setting the particular hours of work and the rates and method of compensation of employees at Los Andes, and has determined the policies and practices regarding pay for those employees. His actions concerning pay practices have affected the amounts of compensation received by employees at Los Andes. As such, he has actively managed, supervised, and directed the day-to-day business affairs and operations of Los Andes.

Cesin Curi has acted at all times material herein directly and indirectly in the interest of Los Andes in relation to its employees, and therefore is and has been an employer of Los Andes' employees within the meaning of the Act, *see* 29 U.S.C. § 203(d).

V.

Defendants are, and at all times since October 10, 2013 were, engaged in related activities performed through unified operation or common control for a common business purpose, and they are, and at all times hereinafter mentioned were, an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r).

At all times since October 10, 2013, Defendants employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise, at all times from October 10, 2013 through 2015, had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated), and, based on existing facts and evidence, that enterprise's annual gross volume of sales made or business done likely greatly exceeded $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for 2016. Accordingly, the employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the Act, 29 U.S.C. § 203(s).

**Violations of Sections 7(a) and 15(a)(2) of the Act, Failure to Pay Overtime**

VI.

Beginning no later than October 10, 2013, Defendants have willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees for workweeks longer than forty (40) hours without compensating them at rates not less than one and one-half times the regular rate at which they were employed for hours worked in excess of forty (40) hours in a workweek. Therefore, these Defendants are liable for

overtime compensation owed to these employees and an equal amount of liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c), as set forth below.

VII.

Plaintiff's Wage and Hour Division conducted an investigation of Defendants, focusing on the period October 10, 2013 through October 9, 2016 (the "Wage and Hour Investigation"). The Wage and Hour Investigation determined that a total of one hundred and twenty-eight (128) employees of Defendants regularly worked more than forty (40) hours per workweek without proper overtime compensation.  These employees worked as cooks, food preparation workers, wait staff and bartenders.

VIII.

During this period, Defendants compensated the affected employees by paying them on an hourly basis, generally ranging from $9.00 per hour to $15.75 per hour.  Some employees working as servers were paid a tipped rate.  None of these employees received an overtime premium in weeks in which they worked in excess of forty (40) hours.

IX.

In most weeks during the period covered by the Wage and Hour Investigation, Defendants recorded all of the hours worked over forty (40) hours in a workweek by employees. However, regarding the workweeks ending October 14, 2014 through November 9, 2014 and December 12, 2014 through January 18, 2015, Defendants failed to record hours worked by employees.  For these weeks, the Acting Secretary derived average weekly hours worked for each employee based on hours worked information recorded by Defendants in the other workweeks during the period covered by the Wage and Hour Investigation.

X.

Defendants compensated most employees with payroll checks each pay period. These payroll checks compensated employees at their regular rate of pay only for hours worked up to forty (40) per week. However, employees regularly worked in excess of forty (40) hours per week. Defendants reported no more than forty (40) hours worked per week to Los Andes' payroll service provider, resulting in the payroll checks covering no more than forty (40) hours worked during the period covered by the Wage and Hour Investigation.

XI.

During the time period covered by the Wage and Hour Investigation, Defendants compensated employees who received payroll checks with additional cash payments at their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek. Defendants did not include an overtime premium in these cash payments, and did not otherwise compensate employees who worked over forty (40) hours per workweek with any overtime premium. A few employees received all payments in cash. These employees also were not paid any overtime premium when they worked in excess of forty (40) hours in a workweek.

(A)  One example of this violation is that during the workweek of September 6, 2016 through September 11, 2016, a wait staff employee worked a total of 51.46 hours and was not paid the additional half-time premium for the 11.46 hours of overtime that she worked.

(B)  A second example of this violation is that during the workweek of August 23, 2016 through August 28, 2016, a kitchen employee worked a total of 45.21 hours and was not paid the additional half-time premium for the 5.21 hours of overtime that he worked.

(C)  A third example of this violation is that during the workweek July 27, 2015 through August 2, 2015, a wait staff employee worked a total of 61.68 hours and was not paid the

additional half-time premium for the 21.68 hours of overtime that he worked.

XII.

Defendants accordingly failed to pay proper overtime compensation to their employees included in the attached Exhibit A, as required by Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2). As a result, the Acting Secretary has determined that Defendants owe one hundred and twenty-eight (128) employees a total of approximately $433,737.48 and an equal amount of liquidated damages for the period above covered by the Wage and Hour Investigation.

**Violations of Sections 11(c) and 15(a)(5) of the Act, Failure to Make and Keep Records**

XIII.

Beginning no later than October 10, 2013, Defendants have willfully and repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to make, keep, and preserve adequate and accurate records of employees' wages, hours, and other conditions and practices of employment, as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516, with respect to the work performed by employees during the period covered by the Wage and Hour Investigation.

XIV.

Defendants have failed, beginning no later than October 10, 2013, to make, keep, and preserve records which show adequately and accurately all employees' hours worked each workday, their total hours worked each workweek, and all wages paid each pay period.

XV.

Defendants failed to record cash payments paid to employees as straight time compensation for hours worked over forty (40) per week, and for employees paid only in cash

Defendants failed to record any payments at all.

## Defendants' Overtime and Recordkeeping Violations Are Willful

XVI.

Defendants' overtime and recordkeeping violations of the Act during the period covered by the Wage and Hour Investigation, as set forth above, were knowing, deliberate, intentional, or were done with reckless disregard for the Act.

XVII.

Defendants committed widespread violations of the overtime and recordkeeping provisions of the Act during the period covered by the Wage and Hour Investigation, as described above in the allegations made in Paragraphs VI to XV.

XVIII.

Defendants, in committing these overtime and recordkeeping violations, avoided payment of any overtime premiums through their method of compensating employees.  This method involved Defendants reporting to their payroll company employee hours worked per workweek only up to forty (40) hours, causing the issuance of payroll checks that covered no more than forty (40) hours per workweek, even where employees worked additional hours as shown in Defendants' time records.  Defendants made separate cash payments to employees at their straight time pay rates only, which Defendants failed to record on payroll records, to compensate employees for any hours worked over forty (40) hours per workweek.  By instituting this payment and recordkeeping method, Defendants deprived their employees of the overtime premiums due to those employees under the Act, while creating and maintaining payroll records

that appeared to show payment of compensation in compliance with the Act.

XIX.

Therefore, Defendants were aware of the overtime and recordkeeping requirements of the Act during the period covered by the Wage and Hour Investigation, and yet they intentionally violated those requirements or acted in reckless disregard of them.

**Prayer For Relief**

XX.

During the relevant period beginning no later than October 10, 2013, Defendants willfully and repeatedly violated the aforesaid provisions of the Act, as alleged above.

WHEREFORE, cause having been shown, the Acting Secretary prays that the Court enter an Order and judgment:

(1)   Pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from prospectively violating the Act; and

(2)   Pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), holding Defendants liable for unpaid back wages found due to Defendants' employees listed in the attached Exhibit A plus liquidated damages equal in amount to the unpaid compensation found due. Alternatively, in the event liquidated damages are not awarded, the Acting Secretary prays for an Order pursuant to Section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from withholding payment of unpaid back wages found due to Defendants' employees, and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

(3)     Awarding the Acting Secretary the costs and fees associated with this action; and

(4)     Granting such other and further relief as may be necessary and appropriate.

                                                    Kate S. O'Scannlain
                                                    Solicitor of Labor

| Post Office Address: | Maia S. Fisher |
|---|---|
| U.S. Department of Labor | Regional Solicitor |
| Office of the Solicitor | |
| JFK Federal Bldg., Room E-375 | /s/ James Glickman |
| Boston, MA  02203 | James Glickman |
| Glickman.james@dol.gov | Senior Trial Attorney, |
| TEL.: 617-565-2500 | Mass. BBO No. 550777 |
| FAX: 617-565-2142 | |
| | Date: February 11, 2020 |